GEORGE B. FLEMING v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 7 November, 1912.)

1. **Pleadings—Material Allegations—Answer—Absence of Denial—Interpretation of Statutes—Interstate Commerce—Evidence.**

    Material allegations of the complaint are taken as true when not denied by the answer (Revisal, sec. 503) ; and when the complaint in an action against a railroad company for damages arising from a personal injury negligently inflicted on an employee alleges that the injury occurred on a train over the defendant's road running wholly within the State, so that it appears that the train was an intrastate train, it is incompetent for the defendant to introduce evidence tending to show that the train was an interstate one, in the absence of a denial of the allegation in its answer.

2. **Same—Federal Employers' Liability Act—Separate Causes—Defenses.**

In an action for damages against a railroad company for a personal injury to an employee negligently inflicted, where the complaint alleges the injury sued on occurred on an intrastate train, it is incompetent for the defendant to show that the train was an interstate train, in the absence of a denial of plaintiff's allegation in the answer, and thus defeat the plaintiff's action on the ground of a failure of his proof, under the Federal Employers' Liability Act, considered as a separate cause of action. As to whether it is necessary for a plaintiff relying on this Federal statute to specially plead it under certain conditions, discussed by HOKE, J.

3. **Federal Employers' Liability Act—State Courts—Contributory Negligence—Procedure—Interpretation of Statutes.**

The Federal Employers' Liability Act, in so far as it undertakes to regulate and provide for fixing responsibility as to the defendant's negligence, is not dissimilar to the provisions of the Revisal, sec. 2624, the chief difference being upon the issues of contributory negligence and assumption of risk; and as the Federal act makes no specific regulations as to the methods by which the fact of contributory negligence should be established, when the action is brought in the State court, the procedure should conform as near as may be to that of the State law applicable, including the "character of action, the order and manner of trial, the rules of pleading and evidence, etc."

4. **Same—Partial Defenses—Diminution of Damages—Pleadings.**

While matters in diminution of damages are not required to be specially pleaded under our statutes, except in cases of libel and slander (Revisal, sec. 502), but may be made available under the general issue, in view of the requirement of the Federal Employers' Liability Act, that the fact of contributory negligence should in some way be established, and that procedure for that purpose has been defined and approved under numerous decisions of our Court construing the State statutes controlling the question, the fact of contributory negligence, as referred to in the Federal statute, should be considered and treated as a partial defense, coming within the terms of the local law, and to make same available it must be set up in the answer and proved as the State statute requires. Revisal, sec. 483.

APPEAL by defendant from *Cline, J.,* at May Term, 1912, of WAKE.

Civil action to recover damages for physical injuries caused by alleged negligence of defendant.

There was allegation with evidence on the part of plaintiff tending to show that on 18 August, 1910, plaintiff was the locomotive engineer running a passenger train, 11 and 12, from Raleigh to New Bern and return; that on the return trip from New Bern, via Washington, N. C., as he was approaching the city of Raleigh and about one mile from the station, he collided with a light engine, meaning an engine and tender only, coming from the opposite direction, and by reason of which plaintiff received serious and painful injuries; that plaintiff's engine was drawing a first-class passenger train, on the main line, and, while something behind time, was running on schedule and having the right of way; that the collision took place while plaintiff's train was rounding a curve and shortly after crossing the Seaboard track, plaintiff having been signaled so to cross; there was no switch engine on that yard, and the light engine causing such collision was running in violation of rules.

Defendant's answer was as follows:

"That as to the allegations of paragraph 3 of said complaint, the defendant says that it is true that on 18 August, 1910, the train which plaintiff was operating as engineer of the defendant collided with another engine, and that in consequence thereof the plaintiff suffered some injuries, but none of a serious or permanent nature. Except as herein admitted, the allegations of said paragraph 3 of said complaint are denied.

"2. That the allegations of paragraph 4 of said complaint are denied.

"Wherefore the defendant prays judgment that the prayer of the plaintiff be denied, and that the defendant have such other and further relief as may be proper."

The following was submitted as the issues arising on the pleadings:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?

2. What damage is plaintiff entitled to recover?

During the progress of the trial, defendant proposed to ask plaintiff, a witness testifying in his own behalf, the following questions:

"It connected at Washington with train from Norfolk, bringing passengers from Norfolk to Raleigh?"

And this further question:

"At the time of this occurrence the Norfolk Southern Railroad operated a line of railroad from Norfolk in the State of Virginia, passing through Washington, N. C.?"

And this further question:

"The train that you operated made connections at Washington with a train coming from Norfolk, in the State of Virginia, did it not?"

And this further question:

"Mr. Fleming, did the train you were operating receive at Washington, from the train coming from Norfolk, mail, express, and baggage?"

And this further question:

"On the particular day of the occurrence, did you receive at Washington a car containing passengers or persons which was coming from Norfolk and which was destined to Raleigh?"

On objection, these proposed questions were excluded, and defendant excepted.

In connection with these questions and the ruling of the court thereon, the following statement appears and is made a part of the case on appeal:

"The defendant stated that it offered to show by this witness and the above questions that the Norfolk Southern Railroad operates a line of railroad from Norfolk to Raleigh. At the time of the occurrence under investigation the train leaving Norfolk in the morning came to Washington, N. C., going thence to New Bern, N. C., and the train on which the plaintiff was engineer on the day of the occurrence under investigation connected with the train leaving Norfolk, Va., for New Bern, N. C., at Washington, and that passengers from Norfolk and mail from Norfolk, baggage and express and cars, could be transferred from train running from Norfolk, Va., to train from Washington, N. C., to Raleigh, which the plaintiff, as engineer, was operating, and that on the occasion of this occurrence he was transporting a car which left Norfolk and was switched to his train that it might be brought to Raleigh; that

the car left Norfolk, Va., that morning on the train running
from Norfolk, Va., and when it arrived at Washington was
switched to train being operated by plaintiff, and was then
hauled from Washington, N. C., to point of accident (the car
containing officials of the company and others). The above
questions were asked for the purpose of showing that the de-
fendant railroad company was engaged in interstate commerce,
and that the plaintiff was an employee engaged in such com-
merce at the time of the occurrence. The court, upon objection
of the plaintiff, excluded all the evidence above offered, upon
the ground that defendant claims that under the facts, if the
defendant be permitted to show that the defendant was a rail-
road company engaged in interstate commerce and that the
plaintiff was an employee engaged in such commerce at the
time of said occurrence, and that under the acts of Congress
regulating interstate commerce the cause of action must be tried
thereunder, and the plaintiff has failed to set out facts suffi-
cient to constitute cause of action under said acts of Congress,
and the defendant claims the benefit of the said acts."

There was verdict for plaintiff. Judgment, and defendant
excepted and appealed, assigning, among other errors, the rejec-
tion of the proposed questions, as above stated.

*Douglass, Lyon & Douglass and J. H. Fleming for plaintiff.*
*R. N. Simms for defendant.*

HOKE, J. It was not seriously contended before us that, on
the facts in evidence, the validity of this trial and judgment
could be successfully assailed. It was earnestly urged, however,
that the court below made an erroneous ruling in excluding the
evidence offered tending to show that defendant's train was
engaged at the time in interstate commerce, and this with a
view of defeating plaintiff's action on the ground of a failure
of proof; the position being that if the facts suggested were
established, plaintiff could only recover under the Federal Em-
ployers' Liability Act, which for this purpose should be consid-
ered as affording a separate and distinct cause of action. In
our opinion, however, the position suggested is not open to de-
fendant on the record. It proceeds upon the theory that plain-

tiff has stated in his complaint and offered evidence tending to show a cause of action exclusively cognizable in the State courts and sustainable only on principles prevailing here, and which differ from those established by the Federal statute. In sections 1 and 2 of the verified complaint it is alleged:

"1. That the Norfolk Southern Railroad Company is a corporation, duly chartered and organized, and was at the times hereinafter mentioned, and still is, engaged in operating certain lines of railroad for the carriage of freight and passengers, one of their said lines of railroad extending from Washington, N. C., through various towns, cities, and stations, to Raleigh, N. C.

"2. That on 18 August, 1910, the defendant, as such corporation, was operating a passenger and mail train on said line of railway from Washington, N. C., to Raleigh, N. C., which was due to arrive at Raleigh, N. C., about 7:25 o'clock P. M. on that day, said train being drawn by a locomotive engine, and the plaintiff was in the employ of the defendant as locomotive engineer on said engine, and was at said time and at the time of the injury hereinafter alleged, engaged in his duties as such."

These allegations are not denied or in any way challenged in the answer. Our statute applicable to the question (Revisal, sec. 503), among other things, provides that "every material allegation of the complaint not controverted by the answer shall be taken as true," etc. If, as defendant here contends, the averments referred to contain issuable matter determinative of the rights of these parties, and the company desired and intended to offer evidence in contradiction, it should have raised the issue in the pleadings, that the question might be properly submitted to the jury. Not having done so, the material facts contained in the allegations, that plaintiff at the time of the injury was engaged in operating an intrastate train, must be taken as admitted and no longer open to question by defendant. *Moss v. R. R.,* 122 N. C., 890.

There are decisions to the effect that a plaintiff, seeking recovery on the Federal statute, need not plead the same nor refer in express terms to its provisions, and others that such plaintiff, in stating the facts in reference to the character of

the train, will not be held to that strictness of averment which might be otherwise required, such facts being more especially within the knowledge of the company. Further, in a well-considered case, reported in 116 Fed., p. 867, *Voelker v. R. R.,* it was held that when the plaintiff has set forth the facts of the occurrence tending to establish a negligent injury by reason of a defective coupler, and evidence was admitted that the train was engaged at the time in interstate commerce, it was not error for the presiding judge to refer to the provisions of· this act of Congress as relevant to the issue, though there was no averment in the petition that defendant was engaged at the time in interstate traffic, and a recovery by plaintiff was sustained. In that case, testimony as to the character of the train seems to have been admitted without objection, and the decision of this question was made to rest chiefly on the ground that the facts of the occurrence and as to the character of the train having been all admitted in evidence, the defendant could not have been taken by surprise on the trial judge referring to the provisions of an act of Congress bearing on such facts, and more especially as defendant must have been aware of the business in which the train was engaged and made no objection on the ground of surprise, when given an opportunity to do so at the close of the charge.

But none of these cases are apposite to the facts of the case before us, where a material averment in the complaint that plaintiff was injured while engaged as a locomotive engineer on an intrastate train must, under our rules of pleading, be taken as admitted by defendant. In this, its proper aspect, the case is not dissimilar to that of *Bradberry v. R. R.,* 149 Iowa, 57, *s. c.,* reported in 128 N. W., 1. In that case, *Ladd, J.,* delivering the opinion, said: "Nor do we think there was error in striking out the evidence tending to show that plaintiff was at the time he received the injury engaged in interstate commerce. The fact that he was so engaged had not been alleged in the petition nor asserted in the answer; so that whether he was so engaged was not in issue. As argued, it is not necessary to plead the statutes of the United States; but, to invoke their benefit, facts rendering these applicable should be pleaded. All

essential under the State law was proof that the injury was received because of the negligence of the company in the use or operation of its railway within the State, for until the contrary was made to appear it will be presumed to have been engaged in intrastate commerce. The evidence was rightly excluded."

While this disposes of the present appeal, and affirms the judgment of the Superior Court, we are of opinion, further, that the decision of his Honor in excluding the proposed evidence could not be held for reversible error, because it does not appear that the defendant was in any way prejudiced by the ruling. This Federal Employers' Liability Act which defendant now seeks to invoke for his protection has been recently before the United States Supreme Court in several causes, styled the Second *Employers' Liability Cases,* reported in 223 U. S. Reports, p. 1, and it was there held, among other things, "(*a*) That the act was constitutional. (*b*) That the regulations prescribed by the act supersede the laws of the several States in so far as the latter cover the same field. (*c*) Rights arising under the regulations prescribed by the act may be enforced as of right in the courts of the States when their jurisdiction, as fixed by local laws, is adequate to the occasion."

The statute, in so far as it undertakes to regulate and provide for fixing responsibility on the issue as to defendant's negligence, is not dissimilar to the State statute on the same subject (Revisal, sec. 2624), and the facts of the occurrence itself being all before the court, no harm could have come to defendant on the determination of that issue.

The only departure from the principles prevailing under the State law and relevant to the facts, as they now appear of record, is in section 3 of the act, that relating to the question of contributory negligence. That section provides, in effect, that in case of employers, subject to its provisions, when the injury of an employee arises by reason of some statute enacted for the employee's safety, held to be some Federal statute (Thornton on Employers' Liability Act, 2d Ed., p. 95), the fact of the employee's contributory negligence shall be in no way considered; and in other cases the fact of such contributory

negligence on the part of the employee shall only be considered by the jury in diminution of damages. The Federal statute, being thus general in terms, and making no specific regulations as to the methods by which the *fact* of contributory negligence should be established, when the action is brought in the State Court, the procedure should conform as near as may be to that of the State law applicable, including the "character of action, the order and manner of trial, the rules of pleadings and evidence," etc. Hughes on Federal Procedure, p. 355; *Cochran v. Ward*, 5 Ind. App., 89. Our State statute on this subject (Revisal, sec. 483) provides that "in all actions to recover damages by reason of a defendant's negligence, when contributory negligence is relied on as a defense, it shall be set up in the answer and proved at the trial." While matter in diminution of damages is not ordinarily required to be specially pleaded except in cases of libel and slander (Revisal, sec. 502), but the same may be made available under the general issue, in view of the provision of the Federal statute that the fact of contributory negligence should be in some way established, and that the procedure for that purpose has been defined and approved under numerous decisions of our Court, construing the State statute controlling the question, we deem it proper to hold that in order to establish this fact of contributory negligence, as referred to in the Federal statute, it should be considered and treated as a partial defense, coming within the terms of the local law, and to make same available, it must be set up in the answer and proved as the State statute requires.

This position of treating contributory negligence as a partial defense has been adopted in a very informing and intelligent treatise on the subject by Mr. Thornton. Thornton on Employers' Liability and Safety Appliances Acts (2d Ed.), pp. 96-146. In an action prosecuted under the Federal statute, where negligence on the part of employer has been shown and the fact of the employee's contributory negligence, when available under such statute, has been properly established, the judge should direct the jury in general terms that such fact is no bar to recovery by the employee, but the same shall be considered in diminution of damages and such allowance made therefor in

reduction of ˙plaintiff's claim as they may deem right and proper. Thornton (2d Ed.), pp. 139 to 147, inclusive.

In the present case there is no plea of contributory negligence set up ·in the answer, and even if the facts in evidence would permit the consideration of contributory negligence, on objection they could not be made available to defendant, there being no issue raised presenting the question. As heretofore stated, therefore, it does not appear that any harm could have come to defendant by the exclusion of the evidence, as it was not relevant or material to any issue raised by the pleadings.

There is no error, and the judgment in plaintiff's favor will be affirmed.

No error.