J. H. CROWDER v. THE MURRAY CONSTRUCTION CO., Inc.

(Filed 10 November, 1926.)

**Appeal and Error—Burden of Proof—Harmless Error.**

The defendant cannot successfully complain that in the trial court he was not required to take the burden of the issue in question.

APPEAL by plaintiff from *Webb, J.,* at June Term, 1926, of ROCK-INGHAM.

Civil action to recover damages for an alleged negligent injury to plaintiff's automobile, tried in the Forsyth County Court on the following issues:

"1. Was the automobile of the plaintiff damaged by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff, by his own negligence contribute to the injury, as alleged in the answer? Answer: No.

"3. What damage, if any, is plaintiff entitled to recover of the defendant? Answer: $350."

On appeal to the Superior Court the cause was remanded for another hearing for errors in the admission of evidence and in the charge. From this order the plaintiff appeals.

*A. W. Dunn, Humphrey & Gwyn for plaintiff.*
*Swink, Clement, Hutchins & Feimster for defendant.*

STACY, C. J. A perusal of the record leaves us with the impression that the assignments of error, based on exceptions to the admission of evidence, are without substantial merit. We deem it unnecessary to discuss them, as they present no new question of law.

His Honor sustained an exception to the charge on the ground that the defendant was not definitely required to handle the laboring oar on the second issue, in that, the judge of the county court simply told the jury "if they were satisfied by the greater weight of the evidence that the plaintiff, by his own negligence, proximately brought about his injury, they would answer the second issue Yes; otherwise No," without saying whether the burden of proof, with respect to the issue of contributory negligence, was on the plaintiff or the defendant.

Without deciding whether there was error in the instruction as given, we think it is sufficient to say that, even if erroneous, the defendant is not in position to take advantage of it. The defendant has the burden of proof on the issue of contributory negligence, and, if he were not

required to carry it, the plaintiff alone could complain, not the defendant. *Fleming v. R. R.,* 160 N. C., 196.

We find no reversible error appearing on the record, hence the order remanding the cause for another hearing will be

Reversed.