NEW ORLEANS & N. E. R. CO. *v.* JACKSON.*

(Division B.    Dec. 6, 1926.)

[110 So. 586.    No. 25963.]

1. MASTER AND SERVANT.. *State privileged communications statute held mere rule of evidence, applicable in action under federal Employers' Liability Act (U. S. Comp. St. sections 8657-8665; Hemingway's Code, section 6380).*

   Code 1906, section 3695 (Hemingway's Code, section 6380), making patient's communication to physician privileged, is a mere rule of evidence, and does not affect the substantial rights and obligations of the parties, and so is applicable in action under federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665).

2. APPEAL AND ERROR.    *Court's knowledge from experience and observation, and prior verdict in case, are among things considered on verdict being from passion and prejudice.*

   Determination of whether verdict is result of passion and prejudice depends on various circumstances, among which, in addition to the evidence, is the knowledge the court has acquired of such matters based on experience and observation; and, where there has been a prior verdict in the case, it should be taken into consideration.

3. DAMAGES.    *Verdict for nineteen thousand dollars for breaking leg of switchman held excessive, and to be reduced to twelve thousand six hundred dollars.*

   Under the facts and circumstances, *held,* verdict of nineteen thousand dollars for breaking of leg of switchman and resulting troubles was excessive, and should be reduced to twelve thousand and six hundred dollars.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 674, n. 51 New; p. 675, n. 58 New; Damages, 17CJ, p. 1107, n. 63; Witnesses, 40Cyc, p. 2381, n. 27; p. 2389, n. 87 New. On excessiveness of verdicts in actions for personal injuries other than death, see annotation in L. R. A. 1915F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. 480; 6 R. C. L. Supp. 521,

Appeal from circuit court of Lauderdale county.

Hon. R. M. Bourdeaux, Judge.

Action by Grant Jackson against the New Orleans & Northeastern Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed on condition of remittitur.

*Bozeman & Cameron,* for appellant.

I. (a) Privileged communication statute, section 6380, Hemingway's Code, does not apply to cases under the federal Employers' Liability Act. We are, of course, familiar with the rule announced by the federal courts that mere matters of procedure and evidence are governed by the law of the forum. *R. R. Co.* v. *White,* 238 U. S. 507, 59 L. Ed. 1433. But we are also familiar with the principle, likewise adhered to by the federal courts, that matters of substance are to be governed by the federal act and the common law as interpreted by the supreme court of the United States. *R. R. Co.* v. *Ferebee,* 238 U. S. 269, 59 L. Ed. 1303; 1 Roberts, Federal Liabilities of Carriers, pages 948 et seq; 12 A. L. R. 693, note; 36 A. L. R. 917, note.

Congress in enacting the federal Employers' Liability Act intended to establish uniformity in all matters of substance touching the liability of interstate carriers for damages to interstate employees. *R. R. Co.* v. *Winfield,* 244 U. S. 147, 61 L. Ed. 1045; Second Employers' Liability Cases: *Mondou* v. *R. R. Co.,* 223 U. S. 57, 56 L. Ed. 327, 38 L. R. A. 44; *R. R. Co.* v. *Tonsellito,* 244 U. S. 360, 61 L. Ed. 1194.

It will be argued, of course, that our privileged communications statute is merely a rule of evidence, and it has been held to be such under a great many decisions of our court. This does not, however, entitle a plaintiff to invoke it in a case under the federal act.

It will be recalled that our *prima-facie* statute was passed as a rule of evidence and has been uniformly held

to be merely a rule of evidence under the decisions of this court, and it was recognized as a rule of evidence by the supreme court of the United States in the case of *R. R. Co.* v. *Turnipseed*, 219 U. S. 35, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226. Notwithstanding that statute was conceded to be a rule of evidence, the supreme court of the United States promptly declared that it could have no application to cases arising under the federal Employers' Liability Act, because it affected the substantial rights of the parties. See *N. O. & N. E. R. R. Co.* v. *Harris*, 247 U. S. 367, 62 L. Ed. 1167. By the same reasoning we submit that our privileged communications statute affects a matter of substance, even though it be classified as a mere rule of evidence. Certainly, if this statute is to be applied in this state, the uniformity which Congress sought to establish will be entirely thwarted.

(b) But even if our statute should be held to apply, the court below went too far in excluding the testimony of Dr. Gully. The legislature never intended that this statute should serve both as a "shield and a sword," and that this court should hold that under circumstances like this a doctor can certainly deny material statements attributed to him, and also deny such claims of lack of attention as were made by the insinuations in this case.

II. *The verdict was excessive.* The principal injury complained of and shown by the evidence is a fracture of the thigh bone about four inches below the hip joint, which was promptly set and reunited, but with a shortening of the leg from one and a half to two inches at the maximum, caused by the broken ends of the bones slipping by in the process of healing. As an incident thereto the plaintiff testifies to suffering much pain during the process of healing and up to the present time; and a soreness in his leg and in his back which interferes with the free use of his body or leg; and the inability to continue his vocation of switching cars.

On the first trial a verdict of ten thousand dollars was rendered and the testimony on the second trial involved in this appeal will show that the injuries complained of and shown by the testimony are the same. The case was reversed by this court on the first appeal because the verdict of ten thousand dollars was excessive.

The second verdict for nineteen thousand is so grossly excessive as to evidence passion and prejudice on the part of the jury. The question is whether this court will approve a verdict for nineteen thousand dollars for such an injury to a negro switchman who was about forty-five years old.

*Martin Miller* and *Reily & Parker,* for appellee.

I. Unless our statute making physicians incompetent witnesses concerning information obtained from their patients is not applicable to cases arising under the federal act, the ruling of the trial court in sustaining an objection to Dr. Gully's testimony is clearly right. It is immaterial that the information solicited was in the form of a statement from the physician to the patient rather than a statement from the patient to the physician. *Bryant* v. *Modern Woodmen of America,* 27 L. R. A. (N. S.) 326.

This rule is not based on the materiality of the testimony, but goes to the disqualification of the witness concerning all things coming within the condemnation. And it is stated that the rule applicable in state courts while enforcing federal statutes is the rule of the state court as to rules of evidence, unless the federal act prescribes a different rule. 22 C. J. ——; *K. C. So. Ry. Co.* v. *Leslie,* 167 S. W. 83.

The general rule as to privileged communications is that the law of the forum controls. 40 Cyc. 2353; *Doll* v. *E. L. Asso. S. of U. S.,* 138 Fed. 705. If there are any difficulties, real or imaginary, in making a defense as concerns the extent of the injury suffered in violation of

the federal safety appliance act on account of the incompetency of physician's testimony, it would be assumed that Congress was not without information concerning such difficulty, but permitted the act to become a part of our law to be applied in connection with the other statute that makes the competency of witnesses determined by the law of the state where the trial is being held.

II. Appellant's contention that the verdict is excessive is unwarranted from the evidence. *McMahon v. K. C. Ry. Co.*, 233 S. W. 60. The courts have no right to substitute their judgment of what is fair and reasonable compensation for the judgment of the jury. *R. R. Co. v. Hurst*, 36 Miss. 660; *R. R. Co. v. Caruth*, 51 Miss. 77; *Mich. C. R. R. Co. v. Reeland*, 227 U. S. 58, 57 L. Ed. 419.

The Mississippi court is in line with the courts of other states as to the size of verdicts permitted to stand. See: *Louisville, N. O. & T. R. R. Co. v. P. C. Thompson* (1887), 64 Miss. 584; Fifteen thousand dollars awarded by the jury, where pelvic bone was crushed, thigh broken in two places, leg broken, and plaintiff was confined to his bed for ten weeks, suffering much of the time with intense pain. His leg on recovery was found to be two inches shorter and he was otherwise seriously and permanently injured.

*Y. & M. V. R. R. Co. v. John L. Scott* (1909), 48 So. 239, 95 Miss. 43: Fourteen thousand dollars awarded where plaintiff had his leg broken in three places, making him a cripple for life, and suffered other grave injuries, permanent in character or remediable only by a serious surgical operation.

*Miss. Cent. R. R. Co. v. Lott* (1918), 80 So. 277: Twenty thousand dollars awarded where plaintiff was injured similarly to the plaintiff in the case at bar, so that as a result of his injury he was required to stay in bed five weeks, partially paralyzed, and constantly under the care of physicians; after partial recovery the paralysis

returned, necessitating confinement in bed for nine weeks at home and his removal to a hospital for a week; and ever afterward he remained a constant sufferer from pain, partial paralysis and tuberculosis. At the time of the trial he was a hopeless and permanent cripple, unable to perform any physical labor.

*Homochitto Lumber Co.* v. *Albritton,* 96 So. 403: Fifteen thousand dollars awarded to plaintiff, a locomotive engineer, when three fingers on his left hand were crushed, thus incapacitating him for his work.

*Laurel Light & Ry. Co.* v. *Jones* (1924), 102 So. 1; *St. Louis & S. F. Ry. Co.* v. *Hays* (1924), 101 So. 548; *M. & O. R. R. Co.* v. *C. M. Wood,* 99 So. 768: Fourteen thousand dollars for injury to collar bone; *Easterling Lumber Co.* v. *Pierce* (1914), 64 So. 461, 465: Seventeen thousand five hundred dollars for broken leg and crushed foot and ankle; *Y. & M. V. R. R. Co.* v. *Dees* (1920), 83 So. 613: Fifteen thousand for injuries resulting in double hernia.

Under the adjudicated cases there can be no doubt that the appellee was entitled to recover for loss of time, pain and suffering, and diminished earning capacity. *Olson* v. *Burlington, C. R. & N. R. Co.,* 81 N. W. 634; *R. R. Co.* v. *Hardy,* 88 Miss. 732, 753, 41 So. 570; 17 C. J. 924; *Goodhart* v. *Pa. R. R. Co.,* 177 Pa. St. 1, 55 A. S. R. 708; *Belzoni Hardwood Co.* v. *Cinquimani,* 102 So. 470; *St. Louis, etc., R. R. Co.* v. *Craft,* 171 S. W. 1185; *St. L. S. W. R. R. Co.* v. *Kendall,* 169 S. E. 822; *St. L., I. M. & S. Ry. Co.* v. *Hesterly,* 135 S. W. 874.

By what standard can this court say that the jury was not warranted in permitting a recovery of ten thousand for pain and suffering in the case at bar? The general rule laid down for measuring the amount of damages for the impairment of earning capacity is stated most clearly in 17 C. J. page 697.

When the facts of this particular case are analyzed, this court cannot reach the conclusion, it seems to us, that the verdict in this case was unreasonable when each item

that the plaintiff was entitled to is analyzed with the facts of the case.

*Bozeman & Cameron,* in reply, for appellant.

Our adversaries have devoted page after page to quoting excerpts from opinions on the matter of excessive or inadequate damages. The question is much more succinctly presented in the authorities and in much more readable form.

The court will find a very full brief on this subject (occupying incidentally more than four hundred fifty pages) in L. R. A. 1915F beginning on page 30. An exhaustive collection of the cases is also made in 17 C. J., pages 1107 et seq.

Argued orally by *B. F. Cameron,* for appellant, and *M. V. B. Miller* and *Marion W. Reily,* for appellee.

Anderson, J., delivered the opinion of the court.

Appellee, Grant Jackson, brought this action in the circuit court of Lauderdale county against appellant, New Orleans & Northeastern Railroad Company, for damages for a personal injury received by him through the alleged negligence of appellant while engaged in his duties as a switchman in its yards at Meridian, and recovered a judgment in the sum of nineteen thousand dollars. From that judgment, appellant prosecutes this appeal. This is the second appearance of this case in this court. The case on the first appeal is reported in 140 Miss. 375, 105 So. 770. This action was brought under the federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665) for an alleged violation by appellant of the Federal Safety Appliance Act (U. S. Comp. St. section 8605 *et seq.*), resulting in appellee's injury. At the time of appellee's injury, both appellant and appellee were engaged in interstate commerce. Appellee recovered a

judgment in the sum of ten thousand dollars. The judgment was reversed, and the cause remanded for another trial on the question of damages alone. On the second trial, appellee recovered a judgment for nine thousand dollars more than he did on the first trial.

Appellant assigns and argues several alleged errors of the trial court, but we deem only two of them of sufficient importance to call for a discussion by the court. The action of the court in applying the privileged communications statute of this state is assigned and argued as error. And the refusal of the court to set aside the verdict of the jury because excessive is assigned and argued as error.

On the last trial, the only question to be determined by the jury was the extent of appellee's injuries and the amount of damages he was entitled to for such injuries. Three physicians examined appellee to ascertain the extent of his injuries. Two of them were introduced as witnesses on behalf of appellee. The other physician was offered by appellant as a witness, but, on objection of appellee, was not permitted by the court to testify. His testimony was material. If allowed by the court, it would have tended strongly to show that appellee was not injured to the extent claimed by him and to the extent testified to by the two physicians who were permitted by the court to testify in his behalf. The privileged communications statute (section 3695, Code of 1906 [Hemingway's Code, section 6380]) provides, in substance, that all communications made to a physician or surgeon by a patient under his charge, or by one seeking professional advice, shall be privileged, and such physician or surgeon shall not be required to disclose the same in any legal proceeding, except at the instance of the patient. It is true, as contended by appellant, that the extent of appellee's injuries was in this case peculiarly within the knowledge of the physicians who examined and treated him. It is also true that the action of the court in refusing to permit the physician offered by appellant as a witness to tes-

tify was highly prejudicial to appellant's cause. Appellant's contention is that the privileged communications statute, as applied in this case, had the effect of being more than a mere rule of evidence; that it affected the substantial rights of appellant; that it denied appellant a hearing of its cause on its merits; that, so applied, appellant was denied a right which it was entitled to under the federal Employers Liability Act and the applicable principles of the common law as interpreted by the federal courts. Appellant recognizes that this court has often held that the privileged communications statute is a mere rule of evidence, and also that the supreme court of the United States, in *Railroad* v. *Turnipseed,* 119 U. S. 35, 31 S. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463, recognized the statute as a rule of evidence, but appellant contends that the statute is more than a rule of evidence; that it goes to the extent in the present case of affecting the substantial rights of the parties, and to sustain its position relies especially on *Railroad Company* v. *White,* 238 U. S. 507, 35 S. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252; *Railroad Company* v. *Ferebee,* 238 U. S. 269, 35 S. Ct. 781, 59 L. Ed. 1303; *Railroad Company* v. *Harris,* 247 U. S. 367, 38 S. Ct. 535, 62 L. Ed. 1167. Appellant urges that the Harris case is strongly in point in its favor. In that case the court had under consideration the *prima-facie* statute of this state (section 1985, Code of 1906 [Hemingway's Code, section 1645]), making proof of injuries caused by the running of trains on railroads *prima-facie* evidence of negligence in the infliction of such injuries. The court held that in actions under the federal Employers' Liability Act the rights and obligations of the parties depended upon that act and the applicable principles of the common law as interpreted and applied in the federal courts, and that, under the act and the common law, negligence on the part of the railroad company was an essential element of recovery; that the federal courts had long held that, where suit was brought

against a railroad company for injuries to an employee resulting from its negligence, such negligence was an affirmative fact, which the plaintiff was required to establish by evidence; that the *prima-facie* statute changed this rule of the common law, and the change affected the substantive rights of the railroad company, and therefore the statute had no application in the administration of the federal Employers' Liability Act.

Appellant argues that the privileged communications statute as applied in this case had the same effect. We do not think appellant's position is sound. In the White case the supreme court said, in substance, that there was no doubt of the principle that as to matters respecting the remedy, such as the form of the action, sufficiency of the pleadings, and rules of evidence, the law of the forum governed. The *prima-facie* statute dispensed with the necessity of proof of negligence on the part of plaintiff. It permitted an inference of negligence on the part of the railroad company where the injury was caused by the running of its train. In doing so, the statute made it possible for the plaintiff to recover without proving negligence, an essential to recovery under the common law, as administered by the federal courts. As we view it, the privileged communications statute does not affect the substantive rights and obligations of the parties. It is a statute affecting alone the competency of certain witnesses. Under the common law, a wife was not a competent witness against her husband either in a criminal or civil cause; that is true now under the common law in this state. A case under the federal Employer's Liability Act can well be imagined where the wife of the injured employee would be the only material witness for the railroad company. In such a case, would the refusal of the court to permit the wife to testify over the objection of the plaintiff be a denial of a substantive right to the railroad? We think not. The supreme court of the United States has not gone that far. We see no differ-

ence in principle in the case imagined and the present case.

Is the verdict of the jury so excessive as to evince passion or prejudice on their part? On the first trial, the verdict was for ten thousand dollars; on the last trial, it was for nineteen thousand dollars. There was no substantial difference in the evidence on the two trials as to the extent and permanency of appellee's injuries. He had a broken leg between the hip and knee.. There had not been a perfect union of the bones at the break. For that reason, one leg was shorter than the other. The physicians introduced by appellee testified that the injury was permanent. Appellee testified in his own behalf that he suffered a great deal, especially in his back. Of course, whether he so suffered or not depended largely on his own testimony. The physicians testifying said that, if he did so suffer, it would probably continue throughout his lifetime. Whether the verdict of a jury is the result of passion or prejudice is a very difficult question for the court to determine. The determination of such a question must depend upon various considerations, among which, in addition to the evidence, is the knowledge the court has acquired of such matters based on experience and observation. If there has been more than one verdict of the jury in the case, as there has been in this case, such verdicts should be taken into consideration. The judgment was reversed on the former appeal of this case on the ground of misconduct in argument of one of appellee's attorneys. It was reversed on that ground alone. As stated, the verdict was for ten thousand dollars. The court said (140 Miss. 396, 105 So. 774): "We cannot say, judging alone from the size of the verdict in this case, that it is so large as to evince passion or prejudice on the part of the jury, but it is large in our opinion for the injury done. And this argument by appellee's attorney which was permitted and thereby approved by the court probably had great influence with the jury in fixing the amount of their verdict."

On the last trial the verdict was for nineteen thousand dollars. We think under the facts and circumstances that the verdict was excessive; that it was brought about by undue sympathy for appellee. We are of the opinion that it ought to be reduced about one-third; that the sum of twelve thousand six hundred dollars would fully compensate appellee for all of his injuries. And, furthermore, a judgment for that sum is more in line with the judgments which have been approved by this court for like injuries. If appellee will enter a *remittitur* of the judgment down to the sum of twelve thousand six hundred dollars within ten days after this opinion is handed down, the judgment will be affirmed for that amount; otherwise it will be reversed, and the cause remanded for another trial on the question of damages alone.

*Affirmed with remittitur; otherwise reversed and remanded.*