642 P.2d 878

Ramon J. PADILLA, Plaintiff/Appellant,

v.

SOUTHERN PACIFIC TRANSPORTATION COMPANY, a corporation, Defendant/Appellee.

No. 2 CA–CIV 4096.

Court of Appeals of Arizona, Division 2.

Jan. 29, 1982.

Rehearing Denied March 4, 1982.

Review Denied March 23, 1982.

534

Davis, Siegel & Gugino by Barry M. Davis, Tucson, for plaintiff/appellant.

Bilby, Shoenhair, Warnock & Dolph, P.C. by William H. Tinney, Tucson, for defendant/appellee.

### OPINION

HOWARD, Chief Judge.

Are rulings on the admissibility of evidence in an action filed in our state court under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., determined by Arizona law or federal law? That is the main issue here.

■  Appellant's action in the trial court was for damages under the Federal Employers' Liability Act for failure to provide a safe place of work, adequate equipment to perform the work assigned, and adequate assistance. He claimed he was injured when he was helping lift some heavy railroad equipment. Over his objection, the defendant was permitted to ask other railroad employees whether any other worker had ever been injured while lifting and carrying the equipment. Appellee claims the lack of other injuries was admissible to show that the conditions were not dangerous. This is not the law in Arizona. See *Hlavaty v. Song*, 107 Ariz. 606, 491 P.2d 460

(1971). Appellee claims, however, that there is a special rule in FELA cases which makes this evidence admissible in spite of the Arizona law. We do not agree.

■  By enacting the Federal Employers' Liability Act, Congress took possession of the field of employers' liability to employees in interstate transportation by rail, and all state laws upon that subject were superseded. *Chicago, M. & St. P. Ry. Co. v. Coogan*, 271 U.S. 472, 46 S.Ct. 564, 70 L.Ed. 1041 (1926). Thus, the rights and obligations of the plaintiff in such cases depend upon that act and applicable principles of common law as interpreted by the federal courts. *Chicago, M. & St. P. Ry. Co. v. Coogan*, supra. However, the act contemplates the application by state courts of their rules of procedure in the enforcement of its provisions. *Chesapeake & Ohio Railway Company v. De Atley*, 241 U.S. 310, 36 S.Ct. 564, 60 L.Ed. 1016 (1916); *Mondou v. New York, N.H. & H.R. Co.*, 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327 (1912); *Showalter v. Western Pac. R. Co.*, 16 Cal.2d 460, 106 P.2d 895 (1940) and see Annot. 79 A.L.R.2d 553, "Applicability of state practice and procedure in Federal Employer's Liability Act actions brought in state courts." It is also the rule in state court actions under the FELA that a federal right may not be interfered with, lessened, or destroyed by local rule of practice or procedure. *El Paso & Northeastern Railway Company v. Gutierrez*, 215 U.S. 87, 30 S.Ct. 21, 54 L.Ed. 106 (1909) and see cases cited in 79 A.L.R.2d at 559.

This leads us to the specific rule applicable here. Rules prescribed by the state with reference to the admissibility of evidence are procedural rules, and in a FELA case brought in the state court, the rules of evidence are governed by the law of the state in which the suit is brought. *Central Vermont Railway Company v. White*, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433 (1915); *Rodriguez v. Denver and Rio Grande Western Railroad Company*, 32 Colo.App. 378, 512 P.2d 652 (1973); *New Orleans & N.E.R. Co. v. Jackson*, 145 Miss. 702, 110 So. 586 (1926); *Joice v. Missouri-Kansas-Texas R.*

Co., 354 Mo. 439, 189 S.W.2d 568 (1945); *Fleming v. Norfolk Southern R. Co.*, 160 N.C. 196, 76 S.E. 212 (1912); *Faulkenberry v. Kansas City Southern Railway Company*, 602 P.2d 203 (Okla.1979); *St. Louis-San Francisco Railway Company v. King*, 278 P.2d 845 (Okla.1954). There is one case which appears to be contra to the rule but a close reading reveals it is not. In *Atlantic Coast Line Railroad Company v. Barrett*, 101 So.2d 37 (Fla.1958), the court states: "In cases arising under the Federal Employers' Liability Act, state rules of evidence are not applied." 101 So.2d at 38. In view of the issue involved in the case and the authorities cited for its statement, it is clear that the court was referring to state rules governing the *sufficiency* of the evidence, and it is clear that questions as to the *sufficiency* of the evidence in cases arising in state courts are determined by federal rules. *Southern Pacific Company v. Gastelum*, 38 Ariz. 127, 297 P. 875 (1931), and see Annot. 79 A.L.R.2d 562.

This brings us to our final inquiry prior to determining this issue. Would the exclusion of this evidence affect or alter the substantive rights of the parties under federal law? See Note, 96 L.Ed. 408, 409–411. For example, in *Davee v. Southern Pacific Company*, 58 Cal.2d 572, 25 Cal.Rptr. 445, 375 P.2d 293 (1962) the plaintiff tried to predicate negligence upon the railroad's violation of a state safety order which required scaffolds to be provided under certain circumstances. The trial court denied admission of this order into evidence, and the California Supreme Court affirmed because the order was being used to create an obligation unknown under the FELA or the common law as interpreted by the federal courts.

Another example is the case of *Morse v. Southern Pacific Transportation Company*, 63 Cal.App.3d 128, 133 Cal.Rptr. 577 (1976). There the evidence held to be inadmissible was testimony that the plaintiff was receiving disability pension payments under the Railroad Retirement Act of 1937 which evidence was claimed to be admissible under California law. The purpose of this testimony was to reduce the damages, and the

appellate court correctly concluded that issues relating to the measure of damages are governed by federal law, and the evidence was not admissible under such law.

Here the application of the evidentiary rule enunciated in *Hlavaty v. Song*, supra, does not affect or alter the substantive rights of the parties under federal law. As noted in *Showalter v. Western Pac. R. Co.*, supra, "... every ruling as to evidence affects to a greater or lesser degree the ultimate result of an action." 106 P.2d at 898. But, as also noted by *Showalter*, this does not transform the admissibility of the evidence from a matter of procedure into a matter of substance. The trial court committed reversible error in admitting the evidence.

■ Appellee claims that appellant has waived any error because he subsequently failed to object to the same question and answer when posed to another witness, although the record shows that he did object to such testimony from two of the three witnesses who testified on this subject. We do not agree. Where an objection to a certain class of evidence is distinctly made and overruled, objection need not be repeated to the same class of evidence subsequently received, although the evidence is given by, or the questions asked of, another witness. *Tucker v. Reil*, 51 Ariz. 357, 77 P.2d 203 (1938). Although the objections made here were couched in general terms, the issue is still preserved for appeal because the proferred evidence is obviously inadmissible for any purpose. See *Kington v. Camden*, 19 Ariz.App. 361, 507 P.2d 700 (1973); *Advanced Living Center v. T. J. Bettes Company of California*, 11 Ariz.App. 336, 464 P.2d 656 (1970).

Appellee also contends that appellant waived any error when it requested, and the trial court gave, appellant's Instruction No. 7. This instruction states in part:

"... The amount of caution required by that duty varies in direct proportion to the dangers *known* to be involved in the work.

... the amount of caution required of a railroad company, in the exercise of ordinary care, to furnish its employees a reasonably safe place within which to work increases or decreases as do the dangers *known to exist* or that reasonably should be apprehended...." (Emphasis added)

This instruction does not tell a jury that it may consider the fact that no one had ever been injured. The giving of the instruction did not waive any error.

In view of our disposition of the first issue raised by appellant, we need not decide the other issues which have been raised.

Reversed and remanded for new trial.

HATHAWAY, J., and PHILIP FAHRINGER, Superior Court Judge, concur.

NOTE: Judge BEN C. BIRDSALL having recused himself in this matter, Judge PHILIP FAHRINGER was called to sit in his stead and participate in the determination of this decision.