716 P.2d 40

**CHANEY BUILDING CO.,**
**Plaintiff/Appellee,**

v.

**CITY OF TUCSON,**
**Defendant/Appellant.**

**No. 2 CA–CIV 5366.**

Court of Appeals of Arizona,
Division 2, Department A.

June 26, 1985.

Norris L. Ganson, Tucson, for plaintiff/appellee.

Frederick S. Dean, Tucson City Atty. by Tobin Rosen, Tucson, for defendant/appellant.

## OPINION

HOWARD, Judge.

This is an appeal by the city in a case involving the building of Fire Station No. 7 in Tucson. Because the determinative issue in this case involves the applicability of the doctrine of collateral estoppel, we commence with the procedural history of the case.

Chaney Building Company, Inc. (Chaney) sued the city for breach of contract, alleging that the city owed it $142,554.81 for the balance due on its contract for its construction of the station. Chaney subsequently was allowed to file an amended complaint which added the architectural firm of John R. Kulseth Associates (Kulseth) as a defendant. Count One of the amended complaint was against the city for breach of contract. Count Two asked for damages in the sum of $142,554.81 against Kulseth for negligence in preparing the plans and specifications for the station, which allegedly resulted in Chaney having to incur additional costs beyond the contract price.

Thereafter, pursuant to a stipulation by Chaney, Kulseth and the city, Count Two of the first amended complaint was dismissed with prejudice. The case then went before a jury on Count One and the jury awarded appellee $67,790.07. It was the city's theory that it had to terminate Chaney's contract and hire others to complete the job because Chaney wrongfully caused delays, was guilty of faulty workmanship,

and failed to correct its faulty workmanship. Nearly all of Chaney's case was based upon the theory that the plans and specifications were deficient and that this deficiency caused the extra work, delays and eventual termination of the contract.

The city contends the trial court erred in admitting evidence of the defects in the plans and specifications and in failing to grant its motion for mistrial. We agree.

Restatement (Second) of Judgments § 27 (1982) states:

> "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

A judgment of dismissal with prejudice entered by stipulation of the parties is a final determination and operates as an adjudication on the merits as to all issues that were raised or could have been determined under the pleadings. *City of Sierra Vista v. Cochise Enterprises, Inc.*, 128 Ariz. 467, 626 P.2d 1099 (App.1979). What we have here is issue preclusion (collateral estoppel) invoked in subsequent litigation with others. Under this doctrine a party precluded from relitigating an issue with an opposing party in accordance with § 27 is also precluded from doing so with another person unless the fact that he lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify affording him an opportunity to relitigate the issue. Restatement (Second) Judgments § 29 (1982). This doctrine has been accepted by the courts in Arizona but has been limited to the defensive use of the doctrine. *Standage Ventures, Inc. v. State*, 114 Ariz. 480, 562 P.2d 360 (1977); *Spettigue v. Mahoney*, 8 Ariz. App. 281, 445 P.2d 557 (1968). The city's attempted use of the doctrine to deny liability was defensive and any evidence that additional expenses were caused by the negligence of the architects in the plans and specifications should have been precluded since these issues were, within the meaning of § 27, actually litigated.

Chaney contends the city's objection to the evidence was untimely because it was not made until after the president of Chaney had been on the witness stand for one and one-half days and because the city did not object to similar evidence from subsequent witnesses. We do not agree. As soon as it became clear that Chaney's references to problems with the plans and specifications were more than just passing occurrences, the city moved for a mistrial. The question of the application of collateral estoppel was clearly discussed by everyone and the court was fully apprised of the applicable law. However, it refused to grant the mistrial because it believed that the doctrine was not applicable in this case. From then on the city made no further objection, it being clear that such objection would be futile. Once an objection to a certain class of evidence is made and overruled, a party need not continually object to the same evidence, even if that evidence is proffered by additional witnesses or additional testimony. *Padilla v. Southern Pacific Transportation Co.*, 131 Ariz. 533, 642 P.2d 878 (App.1982).

It is clear that Chaney was relitigating the defects in the plans and specifications under the guise of its breach of contract case and that the trial court prejudicially erred in overruling the city's objections.

Appellant has raised other issues which we need not discuss because they are either dependent upon what evidence is introduced at any retrial, or because the issue may not arise on retrial.

Reversed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.