[Criminal No. 83.   Filed January 18, 1894.]

[35 Pac. 1059.]

## UNITED STATES OF AMERICA, Plaintiff and Respondent, v. VICENTE ROMERO, Defendant and Appellant.

1. CRIMINAL LAW—MURDER—INSTRUCTION—DEFINITION—MALICE AFORETHOUGHT.—An instruction in a trial for murder under the United States laws, that if the deceased Indian was found dead in the judicial district on or about the twenty-eighth day of December, 1891, and the jury believe from the evidence beyond a reasonable doubt, that the defendant, after the death of the Indian, told witnesses that he had killed her, such statement would warrant them in finding the defendant guilty as charged in the indictment, is error, it omitting the principal ingredient of all murder,—malice aforethought.

2. SAME—SAME—SAME — READING STATUTORY DEFINITION.— Conceding that the territorial statute is substantially the same as the common-law definition of murder, the mere reading of the statute does not cure the defect in the above instruction.

3. SAME—SAME—SAME—REASONABLE DOUBT—MISLEADING.—An instruction that, "if you should find that you have not an abiding conviction, to a moral certainty, of the truth of the charge against the defendant, you have such a reasonable doubt that will warrant you in returning a verdict of not guilty; otherwise, you have not a reasonable doubt that will warrant an acquittal," is error, being confusing and misleading.   Citing *Territory of Arizona* v. *Barth,* 2 Ariz. 319, 15 Pac. 673.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. Owen T. Rouse, Judge.   Reversed.

The facts are stated in the opinion.

H. B. Summers, and E. J. Edwards, for Appellant.

E. E. Ellinwood, U. S. District Attorney, for Respondent.

BAKER, C. J.—The appellant was indicted for murder alleged to have been committed in the killing of one Bill-ginpar, an Indian squaw, upon the White Mountain Indian Reservation, in Graham County; hence his prosecution under the United States statutes.   The result of the trial was the

conviction of the appellant of murder, and therefore he was sentenced to death, that being the only penalty for that crime under the United States laws, in which there are no degrees of murder. It is sought to reverse the judgment of the lower court because of errors in the instructions of the court, one of which is as follows: "I charge you that if you believe, from the evidence in the case, that Bill-gin-par was found dead on the White Mountain Indian Reservation, in this judicial district, on or about the twenty-eighth day of December, 1891, and believe from the evidence, beyond a reasonable doubt, that the defendant, after the death of Bill-gin-par, told the witnesses Ortego and Bennett that he had killed her, such statement would warrant you in finding the defendant guilty as charged in the indictment." It is enough of this instruction to say that it signally omits the principal ingredient in all murder,—malice aforethought. Its harmfulness may be readily seen, in view of the evidence of the defendant at the trial, who testified in substance that he saw several Indians, among them the deceased, plundering his camp, and about to remove his provisions, and upon his attempting to retake his provisions, they drew their rifles and fired upon him, which fire he returned, no doubt killing the deceased. The instruction ignores all evidence about self-defense, and informs the jury that upon the bare statement of the defendant that he had killed the deceased he was guilty of murder. But it is contended that inasmuch as the court had, prior to giving this instruction, read the territorial statute to the jury defining murder, that the instructions, being taken as a whole, cured the faulty one. The United States statutes do not define the crime of murder, and it is far safer when proceeding under them to resort to the common law for a definition of the crime; but conceding that our territorial statute is substantially the same as the common-law definition of the offense, still we do not think that its mere reading to the jury cured the defect so apparent in the instruction. The jury would be more likely to give attention to and heed a charge couched in the language of the court than the dry and perfunctory reading of some statute. *People* v. *Valencia*, 43 Cal. 552. Again, the court instructed the jury: "If, after you have given to the evidence in the case earnest, patient, and conscientious consideration, with the determination to arrive

at the truth, you should find that you have not an abiding conviction, to a moral certainty, of the truth of the charge against the defendant, you have such a reasonable doubt that will warrant you in returning a verdict of not guilty; otherwise, you have not a reasonable doubt that will warrant an acquittal." This instruction is confusing and misleading. *Territory* v. *Barth,* 2 Ariz. 319, 15 Pac. 673. It is difficult to understand just what idea was intended to be conveyed, and for these reasons it ought not to have been given. The judgment must be reversed. It is so ordered and a new trial granted.

Sloan, J., and Hawkins, J., concur.

Rouse, J., not sitting.