[Criminal No. 132. Filed March 15, 1899.]

[56 Pac. 738.]

## WILLIAM B. FOSTER, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—INSTRUCTIONS—REASONABLE DOUBT.—An instruction that a doubt, to authorize an acquittal, must be a reasonable one, and it must arise from a careful and candid investigation of all the evidence in the case, and unless the doubt is a reasonable one and does so arise, it will not be sufficient in law to authorize a verdict of not guilty, while not entirely free from criticism, is sufficient.

2. SAME—MURDER—TRIAL—INSTRUCTIONS — BURDEN OF PROOF — MITIGATING CIRCUMSTANCES—REV. STATS. ARIZ. 1887, PENAL CODE, PAR. 1655, CITED.—A charge that if the jury find from the evidence that the defendant fired the fatal shot, then the burden of proving the circumstances of mitigation, or that justify or excuse the homicide, devolves upon the defendant, unless the proof upon the part of the prosecution tends to show that the crime committed amounts to manslaughter, or that the defendant was justifiable or excusable, being an exact rescript of the statute, *supra*, is correct.

3. SAME—SAME—SAME—SAME—SELF-DEFENSE—NO DUTY TO RETREAT.—An instruction upon the question of self-defense, that if the defendant could have withdrawn from the danger it was his duty to retreat, is error, the modern doctrine being, that when a person, being without fault, and in a place where he has a right to be, is violently assaulted, he may, without retreating, repel force by force; and if, in the reasonable exercise of his right of self-defense, his assailant is killed, he is justifiable.

4. SAME—SAME — SAME — SELF-DEFENSE — EVIDENCE — SUFFICIENCY.—Where the defendant testified that he went to the door of his saloon, being drawn there because his brother and the deceased were at the time in the street firing at each other with revolvers, and that while standing there he was fired at by the deceased, and

that he thereupon returned the fire and killed the deceased, there is sufficient evidence, however contradicted, to justify the court in submitting the issue of self-defense to the jury.

5. SAME—SAME—SAME—INSTRUCTIONS—EVIDENCE.—Instructions should not ignore any finding of fact which the jury might reasonably make upon the evidence before them.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. Fletcher M. Doan, Judge. Reversed.

The facts are stated in the opinion.

E. J. Edwards, Moorman & McFarland, and Frank Cox, for Appellant.

The court erred in charging the jury on the law of self-defense. The court instructed the jury as follows: "If the defendant could have withdrawn from the danger, it was his duty to retreat. This means that between his duty to retreat and his right to kill, the defendant must avail himself of any apparent and reasonable avenue of escape by which his danger might be averted and the necessity of slaying his adversary avoided." This is not the modern doctrine. *People* v. *Lewis,* 117 Cal. 186, 59 Am. St. Rep. 167, 48 Pac. 1088; *State* v. *McCann,* 16 Wash. 249, 47 Pac. 443, 49 Pac. 216; *Ritchey* v. *People,* 23 Colo. 314, 47 Pac. 272; *People* v. *Newcomer,* 118 Cal. 263, 50 Pac. 405; *Beard* v. *United States,* 158 U. S. 550, 15 Sup. Ct. 962.

C. F. Ainsworth, Attorney-General, for Respondent.

The contention on the part of the appellant that the court erred in instructing the jury on the law of self-defense is untenable. This charge is *verbatim* the charge given by the trial court in the case of *People* v. *Iams,* 57 Cal. 119. This case has been followed and approved by the supreme court of California in *People* v. *Guidice,* 73 Cal. 226, 15 Pac. 44; *People* v. *Buggy,* 93 Cal. 476, 29 Pac. 26.

SLOAN, J.—The appellant was indicted and tried at the March, 1898, term of the district court in and for Graham County, for the crime of murder, and found guilty of murder in the second degree. From the order overruling his motion

for a new trial, and from the judgment of conviction, this appeal is taken.

Three of the trial court's instructions are objected to by the appellant as containing reversible error. The first of these reads as follows: "If, after a careful comparison and candid consideration of all the evidence in the case, you have a doubt of the defendant's guilt, it will then be your duty to determine whether such doubt is reasonable, and sufficient, in law, to acquit the defendant. And if after applying the law defining such doubts, as laid down in these instructions, you find that the doubt in question is not a reasonable one, then it will not be sufficient, in law, to acquit the defendant. A doubt, to authorize an acquittal, must be a reasonable one, and it must arise from a careful and candid investigation of all the evidence in the case; and unless the doubt is a reasonable one, and does so arise, it will not be sufficient, in law, to authorize a verdict of not guilty." While not entirely free from criticism, this instruction has been often approved by the courts as well as by text-writers. Kerr on Homicide, sec. 521; *Spies* v. *People*, 122 Ill. 1, 3 Am. St. Rep. 320 and note, 12 N. E. 865, and 17 N. E. 898.

The court charged the jury that "In this case, if you find from the evidence that the defendant fired the fatal shot, then the burden of proving the circumstances of mitigation, or that justify or excuse the homicide, devolves upon the defendant, unless the proof upon the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable." This charge is objected to as not stating the law, but inasmuch as it is an exact rescript of section 1655 of the Criminal Code, it is somewhat puzzling to see why counsel for appellant should have assigned it as error.

Upon the question of self-defense, the court charged the jury in this language: "To justify the killing of another in self-defense, it must appear that the danger was so urgent and pressing that in order to save his own life, or to prevent his receiving great bodily harm, the killing of the other was absolutely necessary, or that the circumstances were such as to excite the fears of a reasonable person that the deceased intended to take his life or to inflict on him great bodily harm, and that the defendant really acted under the influence of

these fears; and it must appear that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline further struggle before the homicide was committed. *If the defendant could have withdrawn from the danger, it was his duty to retreat. This means that, between his duty to retreat and his right to kill, the defendant must avail himself of any apparent and reasonable avenue of escape by which his danger might be averted, and the necessity of slaying his adversary avoided.*" The portion of this charge italicized is specially objected to. It is in almost the identical language used in the charge of the court in the Iams case, 57 Cal. 115,—a charge which, as a whole, was approved by the California supreme court, and on the authority of which this identical instruction has been frequently given by the trial courts of the territory. Its correctness has never before been questioned in this court so far as any reported case discloses. At any rate, this court has not heretofore passed upon the question. An examination of the reported cases bearing upon this point has convinced us that the instruction does not state the law of self-defense as now defined and set down by the more modern American authorities. The Iams case, in so far as this instruction is concerned, has been overruled by the supreme court of California in two cases,—that of *People* v. *Lewis,* 117 Cal. 186, 59 Am. St. Rep. 167, 48 Pac. 1088, and *People* v. *Newcomer,* 118 Cal. 263, 50 Pac. 405. In the latter case the law is stated to be that when one, without fault himself, is suddenly attacked in a way that puts his life and bodily safety in imminent hazard, he is not compelled to fly, or to consider the proposition of flying, but he may stand his ground and defend himself to the extent of taking the life of the assailant, if that be reasonably necessary, especially where he is at the time in his own house, and [though] the assailant be not at the time a trespasser. In the case of *Beard* v. *United States,* 158 U. S. 550, 15 Sup. Ct. 962, the supreme court reviewed at length the cases bearing upon this point, and quoted with approval the summing up of the principle of the right of one to stand his own ground and defend himself when attacked, as made by Rice on Evidence (sec. 360), which is as follows: "A very brief examination of the American authorities makes it evident that the ancient doctrine as to the duty of a person assailed to retreat as far as he can, before

he is justified in repelling force by force, has been greatly modified in this country, and has with us a much narrower application than formerly. Indeed, the tendency of the American mind seems to be very strongly against the enforcement of any rule which requires a person to flee when assailed to avoid chastisement or even to save human life; and that tendency is well illustrated by the recent decisions of our courts bearing on the general subject of the right of self-defense. The weight of modern authority, in our judgment, establishes the doctrine, that when a person, being without fault and in a place where he has a right to be, is violently assaulted, he may, without retreating, repel force by force; and if in the reasonable exercise of his right of self-defense his assailant is killed, he is justifiable. . . . It seems to us that the real question in the case when it was given to the jury was, Was the defendant, under all the circumstances, justified in the use of a deadly weapon in repelling the assault of the deceased? We mean by this, Did the defendant have reason to believe, and did he in fact believe, that what he did was for the safety of his own life or to protect him from great bodily harm? On that question the law is simple and easy of solution, as has been already seen from the authorities cited above.'' We find from these authorities, as well as others which might be cited, the distinction is made and sharply defined between the case of one who is at the time of the assault upon his own premises and one who is not. To use the language of the California court, ''Whatever diversity of opinion may be found in the books on the general proposition of the duty of retreat, the right to stand one's ground when assailed in one's own home or upon one's own premises was never seriously questioned, even by the common-law writers.'' *People* v. *Lewis,* 117 Cal. 186, 59 Am. St. Rep. 167, 48 Pac. 1090.

It is contended by the territory, that, even if the instruction we are considering be erroneous, the case should not for that reason be reversed, because no case of self-defense was presented by the evidence. It may have been that the evidence was weak upon that point. Still, the defense was one of self-defense; the case was tried upon this theory, and at the request of both the prosecution and defense the jury was instructed upon the law of self-defense. The testimony of the appellant was, that he went to the door of his saloon, being

drawn there because his brother and the deceased were at the time in the street, firing at each other with revolvers, and that while standing in the door of his saloon, in the presence of his son, he was fired at by the deceased; that he thereupon returned the fire, and killed the deceased. As stated in *People* v. *Newcomer,* 118 Cal. 263, 50 Pac. 405, "the jury were not bound to take the testimony of appellant as true, but instructions should not ignore any finding of fact which a jury might reasonably make upon the evidence before them." However much the appellant may have been contradicted by other witnesses, it is quite certain from the evidence that he was at the time of the shooting on his own premises; and hence, under the authorities cited above, for this reason, if for no other, the instruction contained reversible error, and the judgment and order will therefore be reversed, and the cause remanded for a new trial.

Street, C. J., and Davis, J., concur.