464 P.2d 666

**COUNTY ATTORNEY OF MARICOPA COUNTY, Petitioner,**

v.

**SUPERIOR COURT OF MARICOPA COUNTY, and Honorable John E. Burke, Respondents;**

**Cruz PARRA, Real Party in Interest.**

**No. 1 CA–CIV 1273.**

Court of Appeals of Arizona, Division 1.

Department A.

Feb. 4, 1970.

Moise E. Berger, Maricopa County Atty., by Randall Evans, Phoenix, for petitioner.

J. Russell Skelton, Deputy Public Defender for Maricopa County, Phoenix, for real party in interest.

STEVENS, Judge.

The issue presented is whether the respondent Judge should be required to honor an affidavit of bias and prejudice.

Cruz Parra, the real party in interest in the matter now before this Court was charged in the Superior Court for Maricopa County in a two-count information. A former judge presided at his trial. Parra was convicted and appealed. This Court reversed the conviction by its opinion in State v. Parra, 10 Ariz.App. 427, 459 P.2d 344 (1969). This Court issued its order and mandate in relation to the opinion on 30 October 1969. Thereafter the cause was assigned to The Honorable John E. Burke, a judge of the Superior Court for Maricopa County, one of the respondents in the matter now before this Court.

The matters which are crucial to the present issues are: On 24 November 1969 there was a hearing on the Parra motion to set bond. The bond was fixed at $10,000 and the trial was set for 9 December 1969.

On 9 December 1969 the State moved for a continuance due to the absence of an essential witness. Counsel for Parra opposed the motion. The motion for continuance was granted and the case was reset for 19 January 1970. The same order reduced the bond to the sum of $5,000.

Shortly thereafter the State by and through the County Attorney filed an affidavit of bias and prejudice in reference to the respondent Judge. On 18 December 1969 the respondent Judge entered the following order:

"This Court has been served with a copy of an Affidavit of Bias and Prejudice with respect to this cause, after two

previous hearing (sic) were held in this court, one on December 9, 1969, and one on November 24, 1969. The Affidavit refers to Rules 196, 197, 198, 199 and 200 of the Rules of Criminal Procedure. This Court is fully aware of the provisions of these rules, plus the numerous Appellate Court and Supreme Court decisions in Arizona construing these rules.

"The County Attorney now desires, apparently, to set aside all the provisions of these rules and decisions, and to forget any time limitations with respect to .trial setting.

"On November 24, 1969, this court ordered that this case be set for a new trial on December 9, 1969. The County Attorney received notice of said trial setting. No Affidavit was filed.

"On December 9, 1969, the County Attorney; by · Mr. Randell (sic) Evans, appeared in court and over the objections of the Defendant was granted a continuance because the County Attorney claimed that he could not locate a necessary witness. At that point, the County Attorney had filed no Affidavit of Bias and Prejudice.

"Under the December 9th order of this Court, this cause is set for trial on January 19, 1970, at 9:30 A.M., and the order specifically provides that unless the County Attorney is ready to proceed to trial at that time, if the Defendant makes a motion to dismiss, this cause will be dismissed.

"IT IS THEREFORE ORDERED that the proposed and filed Affidavit of Bias and. Prejudice, which does not comply with the rules, is rejected and denied, and the order of this Court setting this cause for trial on January 19th, 1970, at 9:30 A.M., is hereby confirmed, and the County Attorney is ordered to be here ready for trial:"·

On 12 January 1970 the County Attorney sought relief in this Court to enjoin the "respondent from presiding. over or having any further jurisdiction in criminal matter No. 53201, except to transfer to . another judge." On the same date this Court set the matter for informal hearing for 22 January 1970. See Rule 1 of the Rules of the Arizona Supreme Court and 7(c) of the Rules of Procedure for Special Actions. 17 A.R.S. The hearing was held. Only the petitioner appeared at the hearing. The Court requested the presentation of the argument on behalf of the petitioner. At the conclusion of the hearing it was ordered taking the matter under advisement.

On 29 January this Court entered an order in part as follows:

> "IT IS ORDERED that the petition be granted, The Honorable John E. · Burke is directed to honor the affidavit of bias and prejudice, and is directed to transfer the Superior Court action in the manner prescribed by the Rules. An opinion will follow."

■ The State has-the. privilege of disqualifying a trial judge. Rule 196 of the Rules of Criminal Procedure, 17 A.R.S. Criminal Rule 200 states:

> "When an application is made to a judge for a change of judge, he shall proceed no further in the action except to call another judge to preside therein."

In our opinion, the case of Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721 (1955), is directly in point. Therein our Supreme Court stated:

> "The Barry case [Arizona Conference Corp. v. Barry, 72 Ariz. 74, 231 P.2d 426] was a civil case but the principles of law by which we determine whether one had lost his right to a fair and impartial judge are, of course, the same whether the case be civil or criminal. Consequently, if the reasoning of the Barry case is sound, respondent is correct in ruling that defendant, having permitted him to pass upon the preliminary motions, waived his right to file .the ·disqualifying affidavit and that he, respondent, could not voluntarily relinquish the case unless in fact he was prejudiced against petitioner.
>
> * * * . * . * . *

348

" * * * To the extent, therefore, that Arizona Conference Corp. v. Barry, supra, is authority for the proposition that a party permitting a judge to pass upon any litigated or contested matter whatever, either on motion or plea, waives his right to disqualify the judge, that case is expressly disapproved."

■ The respondent Judge had ruled only upon preliminary matters not related to the merits of the case. The affidavit was not untimely.

We confirm our order of 29 January hereinbefore quoted, and the relief requested is granted.

DONOFRIO, P. J., and CAMERON, J., concur.