626 P.2d 1099

**CITY OF SIERRA VISTA, Arizona, a Municipal Corporation, Petitioner,**

v.

**COCHISE ENTERPRISES, INC., an Arizona Corporation; Cochise Enterprises, Inc., a Utah Corporation; et al., The Honorable Lloyd C. Helm, Presiding Judge of the Superior Court of the State of Arizona, in and for the County of Cochise, Respondents.**

No. 2 CA–CIV 3291.

Court of Appeals of Arizona, Division 2.

June 29, 1979.

Polley & Polley by Wesley E. Polley, Bisbee, for petitioner.

Law Offices, Lawrence P. D'Antonio by Lawrence P. D'Antonio, Tucson, for respondents.

## OPINION

RICHMOND, Chief Judge.

The respondent judge's refusal to honor petitioner's "Notice of Change of Judge" is the subject of this special action. We agree with petitioner that it had not waived its right to a change of judge as a matter of right and therefore assume jurisdiction.

Petitioner filed a complaint for declaratory relief against several defendants including Owens Construction Company, Inc., and Cochise Enterprises, Inc.[1] Various motions

---

1. The other defendants were Jerry Owens, Vito N. Nelli, Doi A. Nelli, Joseph Cracchiolo, Andrea Cracchiolo, Don Beninati, and fictitious corporations and individuals. Owens and Nelli were joined as stockholders and officers of the Owens corporation and the Cracchiolos as officers and directors of Cochise.

pertaining to Owens's amended answer and counterclaim were ruled on by the respondent judge, and on April 30, 1979, he signed a judgment dismissing with prejudice petitioner's complaint against Owens and the latter's counterclaim against petitioner. The dismissal was pursuant to a stipulation between Owens and petitioner reciting that a satisfactory settlement had been reached resolving all issues in the case between them and they had agreed that their respective claims be dismissed with prejudice.

Petitioner thereafter filed its notice of change of judge and a motion to consolidate another action between it and Cochise pending in another division of superior court. On June 4 the motion to consolidate was granted and both cases were assigned for trial before the respondent judge. A hearing was then held on petitioner's notice of change of judge and the respondent judge declined to honor it.

The pertinent portion of 16 A.R.S. Rules of Civil Procedure, rule 42(f)(1)(D), provides:

> A party waives his right to change of judge as a matter of right when, after a judge is assigned to preside at trial or is otherwise permanently assigned to the action, the party participates before that judge in:
> (i) Any judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits; . . . .

Rulings on the various motions related to Owens's pleadings did not concern the merits of the action or involve the consideration of evidence or of affidavits. Under those circumstances, the waiver provision of rule 42(f), supra, did not apply. *Gant v. Helm*, 25 Ariz.App. 583, 545 P.2d 431 (1976). Cochise maintains, however, that the respondent judge by signing the judgment of dismissal participated in a judicial proceeding which concerned the merits. For purposes of res judicata a judgment of dismissal with prejudice entered by stipulation of the parties is a final determination and operates as an adjudication on the merits as to all issues that were raised

or could have been determined under the pleadings. *Cochise Hotels v. Douglas Hotel Operating Company*, 83 Ariz. 40, 316 P.2d 290 (1957); *Suttle v. Seely*, 94 Ariz. 161, 382 P.2d 570 (1963). Before the rule of waiver can come into play, however, a hearing must involve a contested issue of law or fact. *Itasca State Bank v. Superior Court*, 8 Ariz.App. 279, 445 P.2d 555 (1968). Though the judgment of dismissal with prejudice entered pursuant to the parties' stipulation was as conclusive as a judgment on the merits, it was not a legal determination by the court of the matters in controversy. *Chamberlin of Pittsburgh, Inc. v. Fort Pitt Chemical Company*, 237 Pa.Super. 528, 352 A.2d 176 (1975). The respondent judge considered only the stipulation, not evidence or affidavits on the merits.

Since petitioner's notice of change of judge was timely filed, the respondent judge could perform no other function than to transfer the consolidated cases to another judge. *Gant v. Helm*, supra.

The issuance of this opinion shall constitute a mandate to transfer the case to another judge.

HOWARD and HATHAWAY, JJ., concur.