IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

CLAUDIA PATRICIA HIGUERA,
*Petitioner*,

*v.*

THE HON. KENNETH LEE, JUDGE OF THE SUPERIOR COURT OF THE
STATE OF ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent*,

*and*

THE STATE OF ARIZONA,
*Real Party in Interest*.

No. 2 CA-SA 2016-0033
Filed October 7, 2016

Special Action Proceeding
Pima County Cause No. CR20161073001

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Benavidez Law Group, P.C., Tucson
By Javier Alatorre
*Counsel for Petitioner*

Barbara LaWall, Pima County Attorney
By Nicolette Kneup, Deputy County Attorney, Tucson
*Counsel for Real Party in Interest*

---

**OPINION**

---

Judge Staring authored the opinion of the Court, in which Presiding Judge Howard and Judge Espinosa concurred.

---

S T A R I N G, Judge:

**¶1**        By special action, Claudia Higuera challenges the respondent judge's determination that she had waived her right to a peremptory change of judge under Rule 10.2, Ariz. R. Crim. P., and had failed to properly file the notice for such a change.  We agree Higuera waived her right and, therefore, although we accept special action jurisdiction, we deny relief.

**Factual and Procedural Background**

**¶2**        Higuera was charged with theft, and arraigned on March 21.  Her case was assigned to the respondent on that date.  On March 30, Higuera's counsel filed a notice of change of judge pursuant to Rule 10.2, filing the notice with the clerk of the superior court and serving the state, but failing to provide a copy to the respondent's chambers.  A case management conference was set for April 20, and Higuera appeared, but her counsel did not, due to a calendaring error.  The conference was rescheduled for April 27.[1]  At the April 27 conference, Higuera's counsel informed the respondent he and the prosecutor had been "trying to do some plea discussions," and had agreed to yet another continuance.  Counsel and the respondent discussed dates and set the continued conference for May 13.

**¶3**        After the date had been set and counsel asked to be excused, the respondent told counsel his judicial administrative assistant had discovered the notice of change of judge.  Relying on Rule 3, Pima Cty. Super. Ct. Loc. R. P., he informed counsel it had

---

[1] At oral argument before this court, Higuera's counsel conceded he did not raise the March 30 notice of change of judge with the respondent between the April 20 and April 27 hearings.

not been "copied to anybody" and had not been sent "to [the respondent's] division, or the criminal presiding, or the presiding judge." He also told the attorneys that because they had "now gone through two hearings" the notice had been waived. When the respondent pointed out that counsel had not brought the notice up at the conference, Higuera's counsel responded he "didn't know that [he] needed to bring it up" because he had filed it "within the computer stuff that is supposed to be copied to everybody under the computer." The respondent issued a written ruling that, because Higuera had not properly filed the notice under Rule 3 and because she had "participated in a pretrial hearing," she had waived her right to a change of judge pursuant to Rule 10.2.[2]

¶4        Higuera subsequently served copies of the original notice to the presiding judges, the respondent judge, and the court administrator. She also filed an objection to the court's decision, and this petition for special action followed.

## Jurisdiction

¶5        "[A] challenge to the denial of a notice of peremptory change of judge filed pursuant to Rule 10.2 must be brought by special action." *State v. Ingram*, 239 Ariz. 228, ¶ 16, 368 P.3d 936, 940 (App. 2016). Thus, the exercise of special action jurisdiction is appropriate because Higuera has no remedy by appeal. Ariz. R. P. Spec. Act. 1(a).

---

[2] At argument, Higuera's counsel also conceded the respondent judge first brought up the notice. And counsel indicated he would not have brought it up had the judge not done so and may not have raised it at the May 13 hearing, as well. Counsel also asserted his belief the respondent was trying "to set [him] up." The record before us does not support such an allegation, and we caution counsel concerning making such unsupported statements in the future.

## Discussion

**¶6** Higuera argues her participation in the case management conference "did not cause a waiver of her right to a peremptory change of judge." She also contends she properly complied with Rule 10.2 and further "service of the pleading" was not required, contrary to the respondent's ruling. She asserts Rule 3, Pima Cty. Super. Ct. Loc. R. P., on which the respondent relied in part, did not apply.

**¶7** The respondent concluded Higuera waived her right to a peremptory change of judge by appearing at the continuing case management conference. Higuera argues, however, that because the conference did not involve "contested issues of law," "the waiver provisions of Rule 10.4(a) . . . did not come into play." We review de novo issues involving the interpretation of court rules and "evaluate procedural rules using principles of statutory construction." *Fragoso v. Fell*, 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (App. 2005).

**¶8** Pursuant to Rule 10.2(a), "[i]n any criminal case, each side is entitled as a matter of right to a change of judge." To exercise this right, the party must timely file "a pleading entitled 'Notice of Change of Judge' signed by counsel, if any, stating the name of the judge to be changed" and including an avowal that the request is "made in good faith" and not for various improper purposes. Ariz. R. Crim. P. 10.2(b). Rule 10.4(a), however, provides the right to a peremptory change of judge is lost "when the party participates before that judge in any contested matter in the case, an omnibus hearing, *any pretrial hearing*, a proceeding under Rule 17, or the commencement of trial." (Emphasis added.)[3]

---

[3]Effective 1973, Rule 10.2(a) provided that "any party shall be entitled to request a change of judge," regardless of the interest or bias of the judge. Ariz. Sup. Ct. Order (Apr. 17, 1973). Under Rule 10.4, in effect at that time, "[a] party [lost the] right under Rule 10.2 to a change of judge when [the party] agree[d] to the assignment of the case to a particular judge or participate[d] before him in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 17, or the commencement of trial." In 1975, Rule 10.4 was

**¶9**        Despite the inclusion of "any pretrial hearing" in Rule 10.4, Higuera argues the respondent erred in concluding she had waived her right to a change of judge by participating in the April 27 conference because "when a court enters rulings on motions which do not concern the merits of the case or involve consideration of evidence or affidavits, the waiver provisions do not apply."   For support, Higuera relies on several cases discussing various versions of the civil and criminal rules relating to requests for changes of judge.

**¶10**        Higuera relies first on *State v. Poland*, which in turn cited several decisions by this court, on which Higuera also relies. 144 Ariz. 388, 395, 698 P.2d 183, 190 (1985).   In *Poland*, our supreme court addressed the defendant's failure to timely file a notice for a peremptory change of judge due to the state's filing of a motion to dismiss his first-degree murder convictions, which the supreme court had reversed.  *Id.* at 394-95, 698 P.2d at 189-90.  Poland argued that because "a motion for change of judge would have been unnecessary" had the dismissal been granted, "strict compliance with the rule should be waived."  *Id.* at 394, 698 P.2d at 189.  The court acknowledged that strict compliance with the time requirements of the rule "can be waived where the peremptory challenge is made diligently and as soon as practicable," but determined Poland had not acted diligently.  *Id.*

**¶11**        The court then stated Poland had also "waived his peremptory challenge rights" by participating in hearings which "involved contested issues."  *Id.* at 395, 698 P.2d at 190 ("The hearings in this case involved contested issues insofar as the parties disagreed on the important question of whether the requested dismissal would be with or without prejudice.").  Citing this court's decision in *Itasca State Bank v. Superior Court*, 8 Ariz. App. 279, 445 P.2d 555 (1968), it set forth the principle that a party waives the right to a peremptory challenge by participating in such a hearing.  *Id.* And it distinguished Poland's situation from that presented in our decision in *City of Sierra Vista v. Cochise Enterprises, Inc.*, 128 Ariz. 467, 626 P.2d 1099 (App. 1979), in which, our supreme court stated,

amended to provide that the right was waived by participating in "any pretrial hearing."  Ariz. Sup. Ct. Order (May 7, 1975).

we had determined that "a hearing on a stipulated, and therefore uncontested, motion to dismiss with prejudice did not result in a waiver." *Id.*

**¶12**		From this, Higuera argues that *only* participation in a contested hearing can result in waiver of the right to a peremptory change of judge. But our supreme court did not go so far in *Poland.* Instead, it held only that Poland had waived his right by participating in the contested matter, and it did not purport to set forth the only ground on which to distinguish *City of Sierra Vista. Id.* Likewise, when viewed in light of the rules in place at the times of the decisions the *Poland* court discussed, it is clear those cases did not impose the broad requirement Higuera urges.

**¶13**		In *Itasca State Bank*, we addressed A.R.S. § 12-409, the civil statute providing for a change of judge for cause. 8 Ariz. App. at 280-81, 445 P.2d at 556-57. That statute provides, as it did when *Itasca* was decided, that a party may file an affidavit alleging the judge has a conflict or is interested in the action or that the party "has cause to believe and does believe that on account of the bias, prejudice, or interest of the judge he cannot obtain a fair and impartial trial." § 12-409. We concluded this statute "imposes no time limitation," and that under a 1955 decision, "it is too late to disqualify" a judge if he or she "is allowed to receive evidence which of necessity is to be used and weighed in deciding the ultimate issues." *Itasca State Bank*, 8 Ariz. App. at 281, 445 P.2d at 557, *quoting Marsin v. Udall*, 78 Ariz. 309, 279 P.2d 721 (1955). We therefore rejected the respondent judge's apparent determination that because the bank had "allowed him to hear evidence relating to the default judgment" it had waived its right of "peremptory challenge."[4] *Id.* We stated that because "[n]o contested issue of law

---

[4] "Before Rule 42(f) was amended to allow a peremptory change of judge as of right, the same peremptory challenge 'was accomplished by an affidavit of bias and prejudice which was a mere form and not intended or required to be true.' Yet, such affidavits were also used as true challenges for cause." *Taliaferro v. Taliaferro*, 186 Ariz. 221, 222, 921 P.2d 21, 22 (1996), *quoting King v. Superior Court*, 108 Ariz. 492, 493, 502 P.2d 529, 530 (1972).

or fact was involved in the default judgment hearing," the bank had not waived its right. *Id.*

**¶14** Later this court addressed waiver under Rule 42(f), Ariz. R. Civ. P., the civil rule relating to the peremptory change of judge. *City of Sierra Vista*, 128 Ariz. 467, 626 P.2d 1099. In that case, after "[v]arious motions" had been filed, the trial court dismissed the civil complaint and counterclaim pursuant to a stipulation that a settlement had been reached. *Id.* at 467-68, 626 P.2d at 1099-1100. The petitioner thereafter filed a notice of change of judge and a motion to consolidate the action with another pending against a co-defendant in a different division. *Id.* at 468, 626 P.2d at 1100. The motion to consolidate was granted and, after a hearing on the motion for change of judge, the motion was denied. *Id.*

**¶15** In *City of Sierra Vista*, we discussed former Rule 42(f)(1)(D)(i), which provided for waiver when there had been a "judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits." *Id., quoting* former Ariz. R. Civ. P. 42(f)(1)(D) (1972). In that context, we cited *Itasca* for the proposition that before the right to change of judge may be waived, "a hearing must involve a contested issue of law or fact" and determined that the dismissal had not involved such issues. *Id.* We did not address any other subsection of former Rule 42(f)(1)(D), including those which allowed for waiver after "[a] pretrial conference," "commencement of trial," or agreement of the parties on a judge.[5]

**¶16** Close analysis of our case law, therefore, discloses that the statutes and rules addressed therein differed from that presented to us in this matter. Rule 10.4 now provides that a party waives the right to a peremptory change of judge by participating "in any contested matter in the case, an omnibus hearing, any pretrial

---

[5]Likewise, in *County Attorney v. Superior Court*, we discussed civil decisions and criminal rules predating Rule 10.4, which did not provide for waiver based on participation in the hearings now included in Rule 10.4. 11 Ariz. App. 346, 464 P.2d 666 (1970); *see also* Ariz. Code Ann. §§ 12-107, 44-1201 (1939); former Ariz. R. Crim. P. 196, 200 (1956).

hearing, a proceeding under Rule 17, or the commencement of trial." Outside of *Poland*, in which the court's holding was limited as discussed above, none of the cases on which Higuera relies involved rules or statutory provisions providing that a party waives the right to a peremptory strike by appearing before a judge at a pretrial hearing or conference, as is now provided in Rule 42(f), Ariz. R. Civ. P., and Rule 10.4, Ariz. R. Crim. P.[6]

**¶17**        Higuera's reliance on these cases and *Poland*, therefore, is misplaced.   The issue before us, having not been decided expressly in earlier case law, depends on the meaning of the list provided in Rule 10.4, which sets forth the grounds for waiver of the peremptory change of judge.   As noted above, the list of events includes:  "any contested matter in the case, an omnibus hearing, *any pretrial hearing*, a proceeding under Rule 17, or the commencement of trial."  Ariz. R. Crim. P. 10.4(a) (emphasis added).  Higuera argues we must read "any pretrial hearing" to mean only a "'contested' pretrial hearing."   But to do so is to disregard the clear language of the rule.  *See Fragoso v. Fell*, 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (App. 2005) (plain language of rule "best indicator" of supreme court's intent in promulgating it).  "[A]ny contested matter" must mean something different from "omnibus hearing," "any pretrial hearing," Rule 17 proceeding, or "commencement of trial" or there would have been no reason for our supreme court to include those events or to use the conjunctive "or" to separate them.  *See Devenir Assocs. v. City of Phoenix*, 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991) ("The court must, if possible, give meaning to each clause and word in the statute or rule to avoid rendering anything superfluous, void, contradictory, or insignificant.").   Thus, the rule plainly and unambiguously provides that a party waives its right to a

---

[6]Arizona courts have in the past stated that "the principles of law by which we determine whether one had lost his right to a fair and impartial judge are . . . the same whether the case be civil or criminal."  *County Attorney*, 11 Ariz. App. at 347, 464 P.2d at 667, *quoting Marsin*, 78 Ariz. 309, 279 P.2d 721.   But that principle predated the modern rules, which contain somewhat different provisions in each context.

peremptory challenge by participating in any of the enumerated events, not just a contested matter.

¶18　　　In this case, the hearing in which Higuera participated was a "case management conference."  As noted, Higuera contends "pretrial hearing" should be interpreted to mean a hearing that involves a contested matter.  She therefore does not address whether the case management conference otherwise qualified as a pretrial hearing.  The state, in contrast, argues that because the possibility of a plea agreement was mentioned the hearing was "a proceeding under Rule 17."  We need not determine if this proceeding could also be considered one under Rule 17, because we conclude it falls within the broad ambit of "any pretrial hearing."

¶19　　　The term "pretrial hearing" is not defined in the rules of criminal procedure.  But, as indicated above, to avoid redundancy and superfluousness, it must mean something other than "omnibus hearing," Rule 17 hearing, or commencement of trial.  Rule 16.3 sets forth the "[p]rocedure on omnibus hearings," which defines the scope of that proceeding as including the court's hearing motions, obtaining stipulations on fact, discussion of time limits and trial logistics, and the setting of "further hearings for the taking of evidence or argument of motions as are needed."  Such hearings, or "judicial session[s]," must then be considered "pretrial hearing[s]" for purposes of Rule 10.4.  *Hearing*, Black's Law Dictionary (10th ed. 2014) ("A judicial session, usu[ally] open to the public, held for the purpose of deciding issues of fact or of law, sometimes with witnesses testifying.").

¶20　　　The "judicial session" at issue, however, was not scheduled pursuant to an omnibus hearing, but took place before any such hearing occurred.  But, in view of the history of Rule 10.4, we cannot say "pretrial hearing" is limited solely to those hearings taking place after an omnibus hearing.  In 1975, the rule was amended to remove the word "subsequent," which had previously modified "pretrial hearing."  Because our supreme court removed that word, we must presume it intended a waiver to result from participation in all pretrial hearings, not only those subsequent to an omnibus hearing.  *See State v. Campoy*, 220 Ariz. 539, ¶ 18, 207 P.3d 792, 799 (App. 2009) (court considers amendments and commentary to rule as reflecting intent of drafters as "to meaning and

application" of rule). The hearing at issue here falls within that broad category.

**¶21** Higuera argues, however, that the "waiver provisions of Rule 10.4(a) . . . apply only prior to the filing of the peremptory challenge." She contends that by filing the notice she had already exercised her right, and therefore could not waive it. The contrary conclusion, she asserts, would "allow a defendant to test the waters with the judge she has already challenged" and then "decide to waive the Notice and keep the judge." But nothing in Rule 10.4 limits the waiver provisions to the filing of the notice. Instead of stating that a party waives the right to a change of judge by failing to file a notice before any of the named proceedings, the rule provides that a party waives the right by participating in those proceedings. Thus, Higuera's failure to assert, by no later than the outset of the April 27 proceeding, that she had filed a Rule 10.2 notice, and her decision to continue to participate in the proceeding despite having filed a notice, waived her right to a peremptory change and forfeited any attendant error by the respondent judge in proceeding, absent evidence of bias or prejudice.[7] *See State v. Waller*, 235 Ariz. 479,

---

[7]Higuera also argues the respondent judge "had no authority to enter rulings on [her] 10.2 Notice." She contends that upon her filing of the notice, the respondent was required to transfer the matter to the presiding judge for reassignment. But reassignment by the presiding judge is required "once a proper notice ha[s] been filed." *Bergeron ex rel. Perez v. O'Neil*, 205 Ariz. 640, ¶ 20, 74 P.3d 952, 959 (App. 2003). Nothing in Rule 10 requires a judge to transfer the proceeding to the presiding judge if a notice is untimely or the right has been waived.

On the record before us, it appears the respondent judge was made aware of the notice only as he prepared for the hearing in which Higuera participated. Because we conclude Higuera waived her right to a peremptory change of judge, regardless of whether her notice was properly filed, we do not address the respondent judge's ruling that Rule 3, Pima Cty. Super. Ct. Loc. R. P., which is entitled "Procedure: Civil Motions, Proposed Orders, Oral Argument, Notice of Hearing, Telephone Conferences, and Discovery," may properly be applied to a criminal proceeding.

¶¶ 41-43, 333 P.3d 806, 818 (App. 2014) (no fundamental error when motion for change of judge for cause denied absent showing "outcome of [the] case would have been different"). Because participating in the proceeding constitutes the waiver, a party will not be allowed to participate and then make a choice as to whether to waive an earlier-filed notice. Rather, once a party fails to assert a notice has been filed and participates in the proceeding, the right to a peremptory change of judge is irrevocably waived.

¶22 To the extent Higuera contends interpreting Rule 10.4 to provide for waiver based on participation in any pretrial hearing rather than only a contested, substantive one will violate a party's right to a trial before a fair and impartial judge, we disagree. "[T]he loss of the right to a peremptory challenge of a judge in no way affects a party's Rule 10.1 right to a change of judge for cause." *Hill v. Hall ex rel. Cty. of Yuma*, 194 Ariz. 255, ¶ 6, 980 P.2d 967, 969 (App. 1999); *see also State v. Shields*, 26 Ariz. App. 121, 122-23, 546 P.2d 846, 847-48 (1976). Thus, a party who waives the right to a peremptory change of judge is free to seek a change of judge for cause if the judge assigned to the case is unfair or partial. "[T]he granting of a peremptory challenge to obtain a change of judge as a matter of right is a challenge which is given as a matter of grace under the Rules, and is to be distinguished from a disqualification of a judge based upon cause." *Hickox v. Superior Court*, 19 Ariz. App. 195, 198, 505 P.2d 1086, 1089 (1973); *see also State v. Reid*, 114 Ariz. 16, 21, 559 P.2d 136, 141 (1976) (no constitutional right to peremptory change of judge).

¶23 For all these reasons we conclude, based on the language of Rule 10.4, that Higuera waived her right to a peremptory change of judge. We therefore cannot say the respondent judge's ruling was "arbitrary and capricious or an abuse of discretion" or that he "proceed[ed] without or in excess of jurisdiction or legal authority." Ariz. R. P. Spec. Act. 3(b), (c).

**Disposition**

¶24 Thus, although we accept special action jurisdiction, we deny relief.